**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2946

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
STATE FARM FIRE AND CASUALTY COMPANY

v.

AMERICAN REHAB AND PHYSICAL THERAPY, INC.
doing business as AMERICAN MEDICAL REHAB;
RICHARD PRIVITERA; DEAN PARKER; STEVE MOLDOVER

Richard Privitera,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-03-cv-05595)
District Judge: Hon. Michael M. Baylson

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2010

BEFORE: FISHER, HARDIMAN and COWEN, Circuit Judges

(Filed: April 15, 2010)

OPINION

COWEN, Circuit Judge

Richard Privitera appeals an order of the District Court enjoining Privitera from making any monthly expenditures in excess of $6,710 and ordering him to make monthly payments of $3,700 to State Farm Mutual Automobile Insurance Company ("State Farm") on a judgment of $500,000 that State Farm obtained against him. We will affirm.

## I.     BACKGROUND

State Farm obtained a default judgment against Privitera in the amount of $500,000, which Privitera did not appeal. Subsequently, State Farm pursued post-judgment asset discovery. Privitera engaged in a variety of dilatory tactics but ultimately State Farm deposed him and obtained information on his assets. State Farm then moved for a preliminary injunction enjoining Privitera from making any monthly expenditures in excess of $6,710 and ordering him to make monthly payments of $3,700 to State Farm toward satisfaction of the default judgment award.

The District Court conducted a hearing and concluded that Privitera: (1) withheld financial information from State Farm, (2) earned approximately $200,000 annually from his consulting business, (3) structured his lifestyle and expenses in a manner to avoid accumulating assets to prevent payments to State Farm, (4) lived a luxurious lifestyle in comparison with the typical debtor, as he rented a home in a gated community and he and his wife leased expensive vehicles, (5) claimed excessive monthly food expenditures ($1,700), and (6) claimed unnecessary and unsupported monthly entertainment expenditures ($1,200). The District Court determined that Privitera's monthly

2

expenditures totaled $6,710 and that Privitera could afford to make monthly payments to State Farm in the amount of $3,700. The District Court granted State Farm's motion, thereby ordering Privitera to refrain from making any monthly expenditures in excess of $6,710 and to commence monthly payments of $3,700.

## II. DISCUSSION

We "review an order granting a preliminary injunction for abuse of discretion, the factual findings for clear error, and the determinations of questions of law de novo." *Bennington Foods LLC v. St. Croix Renaissance Group, LLP*, 528 F.3d 176, 178 (3d Cir. 2008). To determine whether to grant a request for a preliminary injunction, district courts engage in a four-step inquiry evaluating: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *A.C.L.U. v. Black Horse Pike Bd. of Educ.*, 84 F.3d 1471, 1477 n.2 (3d Cir. 1996).

Privitera contends that the District Court erred at each step. We reject each of his contentions. First, State Farm undoubtedly has prevailed on the merits of its case. State Farm obtained a default judgment in its favor, which Privitera did not appeal. There is nothing left for the parties to litigate with respect to the merits of State Farm's claims against Privitera.

Second, State Farm would face irreparable harm if the District Court denied its request for a preliminary injunction. The dilatory and misleading tactics that Privitera engaged in after he defaulted demonstrate his willingness to evade payment. Further, at the time Privitera filed this appeal, he had paid nothing to State Farm, despite several promises of payment, including a check for $25,000 that bounced. The record demonstrates that a money judgment alone is insufficient motivation for Privitera. Without this injunction, Privitera would continue to conceal assets and to spend his disposable income in a manner that would further evade State Farm's collection efforts.

Third, the District Court's order will not result in greater harm to Privitera. The District Court's order permits Privitera to continue living in his gated community and driving his expensive vehicles. Privitera contends that any attempts to enforce the preliminary injunction by means of contempt proceedings that then result in coercive incarceration would amount to sending him to "debtor's prison" due to his inability to pay. This contention lacks merit. The record clearly demonstrates Privitera's ability to pay and the only reason that he would face potential incarceration is if he chose to evade his obligations to State Farm.

Finally, the grant of this preliminary injunction is in the public's interest. The public has an interest in the enforcement of judgments. Privitera contends that the order amounts to a de facto garnishment of his wages in violation of 42 Pa. Cons. Stat. § 8127. Under § 8127, "[t]he wages, salaries and commissions of individuals shall *while in the*

4

*hands of the employer* be exempt from any attachment, execution or other process . . . ." 42 Pa. Cons. Stat. § 8127 (emphasis added). The plain text of this statute demonstrates that it does not apply to a judgment creditor's attempts to obtain payment from wages in the hands of a judgment debtor. Thus, the order is not in conflict with any public policies regarding wages.

## III.  CONCLUSION

For the reasons set forth above, we will affirm the District Court's order granting a preliminary injunction.